**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.10-cv-02572-REB-MJW

TERRY MOBLEY,

    Plaintiff,

v.

PATRICK R. DONAHOE, Postmaster General United States Postal Service (Western Area),
UNITED STATES POSTAL SERVICE,
YVONNE RODRIQUEZ,
DEPARTMENT OF LABOR,
HILDA SOLIS, Secretary of Labor,
SUSAN DUCE,
ROBIN DARLING, and
NANCY RICE,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

This matter is before me on the following: (1) **Defendant's Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6)** [#42][1] filed April 1, 2011; and (2) the **Recommendation on Defendant's [Patrick R. Donahoe] Motion To Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6)** [#64] filed December 8, 2011. The plaintiff filed objections [#66] to the recommendation. I approve and adopt the recommendation of the magistrate judge, overrule the plaintiff's

---

[1] "[#42]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

objections, and grant the defendant's motion to dismiss.

The plaintiff filed objections [#66] to the recommendation on December 27, 2011, nineteen days after the recommendation was filed. The objections were not timely filed and, on that basis alone, are overruled. In the alternative, and assuming that the tardiness of the objections might be excused, the objections must be overruled because they are imponderous and without merit. Again assuming the tardiness of the objections might be excused, I have reviewed *de novo* all portions of the recommendation to which objections have been filed. 28 U.S.C. § 636(b). I have considered carefully the recommendation, the record, and the applicable caselaw.

Because plaintiff is proceeding *pro se*, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)). However, I have not acted as an advocate for the plaintiff.

The plaintiff asserts in his complaint [#28] claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e, the Rehabilitation Act, 29 U.S.C. § 701 - 796, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12102 - 12213, and 42 U.S.C. §§ 1981, 1983, 1985, and 1986. In addition, the plaintiff asserts claims for breach of contract, promissory estoppel, negligence, intentional infliction of emotional distress, intentional interference with a contractual relationship, and state and federal constitutional violations, including conspiracy. Each of the plaintiff's claims concerns events that allegedly occurred while the plaintiff was employed as a postal

clerk for the U.S. Postal Service. The magistrate judge details in the recommendation the factual allegations that undergird the plaintiff's claims.

In his motion to dismiss, defendant Patrick Donahoe argues that each of the plaintiff's claims must be dismissed. Donahoe asserts a variety of bases for dismissal of the many claims asserted by the plaintiff. In the briefing on the motion to dismiss, Donahoe and the plaintiff submitted substantial matter outside of the pleadings. The magistrate judge concluded that the motion to dismiss should be converted to a motion for summary judgment under FED. R. CIV. P. 12(d), particularly with regard to the issues of exhaustion of administrative remedies and applicability of the statute of limitations. The magistrate judge concluded that the parties had been given a reasonable opportunity to submit all material pertinent to a motion for summary judgment. I conclude that the analysis of the magistrate judge concerning the ADA claim, preemption of certain claims, and dismissal of claims asserted against defendants who have not been served properly is viewed under the standards of FED. R. CIV. P. 12 and 28 U.S.C. § 1915(e)(2)(B)(ii), as outlined in the recommendation. Otherwise, I agree with the magistrate judge that, under FED. R. CIV. P. 12(d), the motion to dismiss properly is treated as a motion for summary judgment. I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation on Defendant's [Patrick R. Donahoe] Motion To Dismiss Pursuant to FED. R. CIV. P. 12(b)(1) and FED. R. CIV. P. 12(b)(6)** [#64] filed December 8, 2011, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the **Plaintiff's Objections To Magistrate's Recommendation On**

3

**Defendant's [Patrick R. Donahoe] Motion To Dismiss Pursuant To F**ED**. R. C**IV**. P. 12(b)(1) and F**ED**. R. C**IV**. P. 12(b)(6) (Docket No. 42)** [#66] filed December 27, 2011, are **OVERRULED** and **DENIED**;

    3. That the **Defendant's Motion To Dismiss Pursuant To F**ED**. R. C**IV**. P. 12(b)(1) and F**ED**. R. C**IV**. P. 12(b)(6)** [#42] filed April 1, 2011, is **GRANTED**;

    4. That viewing the motion to dismiss [#42] as a motion for summary judgment concerning the plaintiff's Title VII claims, Rehabilitation Act claims, and tort claims, and applying the standards applicable under FED. R. CIV. P. 56, summary judgment is **GRANTED** as to the plaintiff's Title VII claims, Rehabilitation Act claims, and tort claims against defendant Patrick R. Donahoe, and those claims are **DISMISSED**;

    5. That under FED. R. CIV. P. 12(b)(1) and (6), the plaintiff's claims under the ADA, the plaintiff's tort claims, the plaintiff's claims under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and the plaintiff's claims of violation of the federal and state constitutions, as asserted against defendant Patrick R. Donahoe, are **DISMISSED**;

    6. That under FED. R. CIV. P. 12 and 28 U.S.C. § 1915(e)(2)(B)(ii), the plaintiff's claims against defendants Department of Labor, United States Postal Service, Yvonne Rodriquez, Hilda Solis, Susan Duce, Robin Darling, and Nancy Rice are **DISMISSED**;

    7. That **JUDGMENT SHALL ENTER** in favor of the defendants, Patrick Donahoe, Postmaster General, United States Postal Service, Yvonne Rodriquez, Department of Labor, Hilda Solis, Susan Duce, Robin Darling, and Nancy Rice, against the plaintiff, Terry Mobley;

    8. That the jury trial set to begin on January 9, 2012, at 8:30 a.m. is **VACATED**;

    9. That the defendants are **AWARDED** their costs, to be taxed by the Clerk of the Court under Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated December 28, 2011, at Denver, Colorado.

**BY THE COURT:**

/s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge